ARVAY, D. B. A. ARVAY'S RECREATION, APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.*

---

*For opinion on merits, see *post*, 385.

(No. 5637—Decided March 12, 1957.)

*Mr. A. H. Devine,* for appellant.
*Mr. William Saxbe,* attorney general, and *Mr. S. Noel Melvin,* for appellee.

PETREE, P. J.   This cause came on to be heard on motion of the appellee, the Board of Liquor Control, for an order to strike from the appellant's notice of appeal so much of that portion of the notice which states that the appeal relates to fact.

Under the administrative procedure as set forth in Section 154-73, General Code, as amended by Section 119.12, Revised Code, the procedure for the appeal to the Common Pleas Court of Franklin County is outlined, which includes that court hearing additional evidence upon leave granted.   This section then provides as follows:

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. *Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45,* inclusive, of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."   (Emphasis added.)

It seems clear to us that Section 2501.02 of the Revised Code, as amended October 4, 1955, makes clear that a proceeding such as this should be an appeal upon questions of law only.   The section sets out the ten types of cases which were formerly in the nature of equity cases, and then provides as follows:

"In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

This certainly is not an equity type of proceeding and does not call for the exercise of equity jurisdiction, and the remedy is not carried any further than the statutory remedy set forth in Section 119.12, Revised Code.

The Supreme Court, in *Andrews v. Board of Liquor Control*, 164 Ohio St., 275, 131 N. E. (2d), 390, discusses the procedure in the Common Pleas Court and, on page 280 says:

"Although the amendment falls short of providing for a trial *de novo*, it does provide for something beyond a mere law review as proclaimed in the *Farrand* case.

"The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it 'is supported by reliable, probative and substantial evidence and is in accordance with law.'

"In our opinion, the 1951 amendment provides for a hybrid review of an agency's order before the Court of Common Pleas, which is one neither strictly of law nor of law and fact but is of the nature as we have hereinbefore described."

It is our belief that neither the statutes nor the court opinions require the hearing of additional evidence in subsequent courts after the case is once heard in the Common Pleas Court. Therefore, the motion to strike so much of the appellant's notice of appeal as relates to fact will be sustained, and the case will be retained by this court as an appeal on questions of law only. The appellant will be granted thirty days in which to so perfect an appeal under Supplement to Rule VII of the Tenth District Court of Appeals (Franklin County).

*Motion to strike sustained.*

Miller, J., concurs.
Bryant, J., not participating.